# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVEY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g)<br><br>(Doc. No. 2) |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on March 24, 2016. Plaintiff seeks leave to proceed in forma pauperis in this case.

However, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th

---

[1] Plaintiff admits that he falls under the three strikes provision. (Doc. No. 1, at 3). The Court also takes judicial notice of the following cases, which are strikes: (1) *Manago v. Myers*, 3:90-cv-20256-MHP (N.D.Cal.) (dismissed October 9, 1991, for failure to state a claim); (2) *Manago v. Marshall*, 3:94-cv-01528-MHP (N.D.Cal.) (dismissed March 25, 1998, for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and (3) *Manago v. Gulare*, 1:99-cv-05525-REC-SMS (E.D.Cal.) (dismissed March 17, 2000, for failure to state a claim).

1   Cir. 2007).  The determination of whether Plaintiff is under imminent danger of serious physical
2   injury is made based on the conditions at the time the complaint is filed, and the allegation of
3   imminent danger must be plausible.  *Id*. at 1053-55.

4         Plaintiff alleges that on July 28, 2015, he was falsely validated as a gang member and
5   retained in the Security Housing Unit ("SHU") at Corcoran State Prison.  Plaintiff contends that his
6   validation was in retaliation for reporting correctional staff "sex crimes" involving inmates and
7   patients, as well as other criminal misconduct.  (Doc. No. 1, at 2).  He alleges that the prisons use an
8   "inmate task force" to instill discipline in other inmates in exchange for drugs, sex and other illegal
9   favors.  (Doc. No. 1, at 2).  He also suggests that the inmate task force also receives permission to
10  assault or kill other inmates on occasion.

11        Plaintiff contends that Defendants knew that his safety and well-being would be in jeopardy
12  when they placed him in the SHU on July 28, 2015.  Despite this, they continue to retain Plaintiff in
13  an "adversarial gang category" and house him, despite his objections, in close quarters with other
14  gang members who "may try to kill him."  (Doc. No. 1, at 20).  Plaintiff argues that being classified
15  into a gang to which he does not belong exacerbates the danger of reprisal, especially in a Level IV
16  prison setting.  He believes that he is at risk of harm from both current correctional staff and the
17  inmate task force, which work hand-in-hand to promote criminal activities.  Plaintiff states that he is
18  at risk of being assaulted, set up, or having to use self-defense.[2]

19        While Plaintiff can satisfy the imminent danger requirement by alleging an ongoing threat,
20  *Andrews*, 493 F.3d at 1056, he must present facts to raise the threat beyond a speculative level.
21  Plaintiff's allegations are based on his fear that he *may*, at some time in the future, be subject to
22  harm by correctional officers or another inmate.  These facts do not support the existence of an
23  imminent danger of serious physical injury.  "[T]he availability of the exception turns on the
24  conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."
25  *Andrews*, 493 F.3d at 1053.

26  ///

---

[2] Plaintiff has made similar allegations in *Manago v. Cate, et al*., Case No. 2:13-cv-0081 (E.D.Cal. 2013) (application to proceed in forma pauperis denied on May 1, 2013, and action ultimately dismissed after Plaintiff failed to pay the filing fee) and *Mangano v. Holland*, Case No. 1:13-cv-01523 (E.D.Cal. 2013) (application to proceed in forma pauperis revoked on January 14, 2015, and case dismissed without prejudice to refiling with payment of filing fee).

Plaintiff's allegations are vague and conclusory, and do not set forth *any* specific facts indicating he is under imminent danger.  Plaintiff makes no allegation that he has been physically harmed, or that anyone attempted, or threatened, physical harm.  "[A]ssertions of less obviously injurious practices may be rejected as overly speculative or fanciful." *Andrews*, 493 F.3d at 1057 n. 11.

Therefore, the Court finds that Plaintiff fails to allege imminent danger of serious physical injury necessary to bypass section 1915(g)'s restriction on his filing suit without prepayment of the filing fee.  Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  This action is DISMISSED, WITHOUT PREJUDICE to refiling with the submission of the $400.00 filing fee in full.

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:   **March 29, 2016**          /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE