# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | Case No. 1:16-cv-00399 LJO DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 9) |
| v. | |
| DAVEY, et al., | ORDER DIRECTING CLERK TO REOPEN ACTION |
| Defendants. | |
| | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on March 24, 2016.

On March 29, 2016, the Court dismissed the action without prejudice to refiling the action with the submission of the $400.00 filing fee. The Court found that Plaintiff was subject to 28 U.S.C. § 1915(g), and that the allegations in his complaint did not satisfy the imminent danger exception. to section 1915(g).

Plaintiff filed a motion for reconsideration on April 14, 2016.

**A.   <u>LEGAL STANDARD</u>**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

1

*GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

**B.  DISCUSSION**

Plaintiff requests reconsideration based on his contention that he can satisfy the imminent danger exception by filing an amended complaint. In other words, Plaintiff disagrees with this Court's dismissal without leave to amend.

In three-strike cases where the Court finds that a plaintiff has not met the exception, the Court generally dismisses such actions without prejudice to refiling with the filing fee. Recently, however, the Ninth Circuit suggested that the requirement of permitting an amendment, where not futile, extends to the three strikes analysis. *Thomas v. Ogbehi*, 1:15-cv-01059-LJO-DLB PC.

Accordingly, given the Ninth Circuit's remand in *Thomas*, the Court GRANTS Plaintiff's motion for reconsideration. The Clerk of Court is directed to REOPEN this action, and Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **April 15, 2016**                                 **/s/ Lawrence J. O'Neill**
                                                                                UNITED STATES DISTRICT JUDGE