# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVEY, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF *IN FORMA PAUPERIS* STATUS AND ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

　　　　Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on March 24, 2016.

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

　　　　If a plaintiff has three strikes under § 1915(g), he may still proceed in forma pauperis if he can show that he was in imminent danger at the time of filing his complaint. *Andrews v. Cervantes*,

---

[1] Plaintiff admits that he falls under the three strikes provision. (Doc. No. 1, at 3). The Court also takes judicial notice of the following cases, which are strikes: (1) *Manago v. Myers*, 3:90-cv-20256-MHP (N.D.Cal.) (dismissed October 9, 1991, for failure to state a claim); (2) *Manago v. Marshall*, 3:94-cv-01528-MHP (N.D.Cal.) (dismissed March 25, 1998, for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and (3) *Manago v. Gulare*, 1:99-cv-05525-REC-SMS (E.D.Cal.) (dismissed March 17, 2000, for failure to state a claim).

1

493 F.3d 1047, 1053 (9th Cir. 2007).  The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint.  *Id.* at 1055.  Thus, to meet the imminent danger exception, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed.  *Malik v. McGinnis*, 293 F.3d 559, 562-563 (2d Cir. 2002); *Andrews*, 493 F.3d at 1053.

In this case, the Court originally denied Plaintiff's application to proceed in forma pauperis, finding that he had not alleged sufficient facts to fall under the imminent danger exception.  Plaintiff filed a motion for reconsideration, which the Court granted, and he filed a First Amended Complaint.  Upon reviewing the First Amended Complaint, the Court finds that Plaintiff's allegations are sufficient to meet the "imminent danger of serious physical injury" exception under § 1915(g), and Plaintiff shall be granted in forma pauperis status.  *See, e.g., Andrews,* 493 F.3d at 1056-1057.

However, Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to Plaintiff's trust account.  The California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, it is HEREBY ORDERED that:

1. Plaintiff is GRANTED *in forma pauperis* status;
2. The Director of the California Department of Corrections and Rehabilitation or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and case number assigned to this action.

3. The Clerk of the Court is directed to serve a copy of this order on the Director of the California Department of Corrections and Rehabilitations, via the court's electronic case filing system (CM/ECF).

4. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated:   **April 21, 2016**                              /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE