# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SPECIAL HEARING<br><br>(Document 17) |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,[1] filed this civil rights action on March 24, 2016.  He filed a First Amended Complaint on April 18, 2016.

On April 27, 2016, the Court screened Plaintiff's First Amended Complaint and found that he stated retaliation claims against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo.  Plaintiff was ordered to either file an amended complaint to cure other deficiencies, or notify the Court of his willingness to proceed only on the cognizable claims. Plaintiff has not yet responded to the order.

On April 27, 2016, Plaintiff filed a motion for a "special hearing."  He contends that Defendant Davey transferred him to CSP-Sacramento on April 14, 2016, where he has known

///

---

[1] Plaintiff is subject to 28 U.S.C. § 1915(g), but the Court determined that the allegations in his complaint met the imminent danger exception and permitted him to proceed in forma pauperis.

1

documented enemies.  He has since been placed in Administrative Segregation pending investigation into his safety concerns.

Plaintiff asks that the Court set a hearing for May 6, 2016, where the named Defendants would testify "in order to prove that [they] were involved in a criminal conspiracy, to violate [Plaintiff's] civil rights. . ."  ECF No. 17, at 10.

At this time, the Court will not hear evidence relating to the merits of Plaintiff's claims. There is no operative complaint, and no Defendant has appeared in this action.  In other words, it is premature to present evidence to the Court.  Generally, Defendants' testimony is not presented until summary judgment or trial.  If and when Defendants appear in this action, the Court will open discovery and Plaintiff can request discovery on relevant issues.

To the extent that Plaintiff seeks to amend his complaint to add allegations for events occurring after he filed his First Amended Complaint, he may do so by submitting an amended complaint pursuant to the Court's April 27, 2016, order.

Based on the above, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **May 4, 2016**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE