# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVEY, et al.,<br><br>            Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br>(Document 18)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,[1] filed this civil rights action on March 24, 2016. He filed a First Amended Complaint on April 18, 2016. Plaintiff names D. Davey, M.V. Sexton, J. Vander Poel, A. Maxfield, A. Valdez, J. Aceveo and E. Razo as Defendants.

On April 27, 2016, the Court screened Plaintiff's First Amended Complaint and found that it stated a First Amendment retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo. It did not state any other claims, and Plaintiff was ordered to file an amended complaint, or notify the Court of his willingness to go forward only on the cognizable claims.

///

///

---

[1] Plaintiff is subject to 28 U.S.C. § 1915(g), but the Court determined that the allegations in his complaint met the imminent danger exception and permitted him to proceed in forma pauperis.

1

1  On May 5, 2016, Plaintiff notified the Court that he wished to go forward only on the First
2  Amendment retaliation claim. Based on this decision, the Court recently issued Findings and
3  Recommendations to dismiss all other claims.

4  On May 4, Plaintiff filed a motion for an emergency protective order, seeking an order to
5  prevent Defendants Davey and Maxfield from transferring him to CSP-Sacramento's "C" Facility.
6  The Court construes this as a request for a temporary restraining order.

## DISCUSSION

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted) (emphasis added).

In this case, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest.

Moreover, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim arising from an alleged retaliatory retention in the SHU at Corcoran State Prison. *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

At this point, Defendants have not been served with the First Amended Complaint, and the Court therefore does not have jurisdiction to order either Defendant Davey or Defendant Maxfield to

take any action.  Even once they have been served, however, Plaintiff's request to prohibit a transfer is not the subject matter of this action, and Plaintiff would not be entitled to any such relief.

**FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court recommends that Plaintiff's motion for a temporary restraining order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **May 11, 2016**                             **/s/ Sandra M. Snyder**
                                                                          UNITED STATES MAGISTRATE JUDGE

3