# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVEY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIMS AND DISMISSING REMAINING CLAIMS<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,[1] filed this civil rights action on March 24, 2016. He filed a First Amended Complaint on April 18, 2016. Plaintiff names D. Davey, M.V. Sexton, J. Vander Poel, A. Maxfield, A. Valdez, J. Aceveo and E. Razo as Defendants.

On April 27, 2016, the Court screened Plaintiff's First Amended Complaint and found that it stated a First Amendment retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo. It did not state any other claims, and Plaintiff was ordered to file an amended complaint, or notify the Court of his willingness to go forward only on the cognizable claims.

///

///

---

[1] Plaintiff is subject to 28 U.S.C. § 1915(g), but the Court determined that the allegations in his complaint met the imminent danger exception and permitted him to proceed in forma pauperis.

1

On May 5, 2016, Plaintiff notified the Court that he wished to go forward only on the First Amendment retaliation claim. The Court now issues these Findings and Recommendations based on Plaintiff's decision.

## A.     SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff is currently incarcerated at California State Prison- Sacramento.  The events at issue occurred while he was housed at Corcoran State Prison ("Corcoran").  Plaintiff is a member of the "Crips" street gang, and he has admitted his membership to prison officials since 1989.

Plaintiff alleges that he has been retained in the Secured Housing Unit ("SHU") at Corcoran in retaliation for reporting officers' (1) sex crimes with inmates and patients; and (2) smuggling contraband into California prisons.  Plaintiff believes that Defendants use influential inmates, whom Plaintiff labels as the "Inmate Task Force ('ITF')", to attempt to discipline other inmates in exchange for illegal favors and preferential treatment.

Plaintiff contends that Defendants Davey and Sexton conspired with the ITF to "perpetuate the use of inmate task force through various acts of retaliation, intimidation, cover-up, tampering and hampering investigations. . ."  ECF No. 13, at 2.

On October 11, 2012, the California Department of Corrections and Rehabilitation set forth new procedures for validating gang members and determined that validated inmates would no longer be considered for Administrative Segregation in the SHU unless there were also behavioral issues.

On December 26, 2013, Plaintiff arrived at the Corcoran SHU to serve an indeterminate SHU term for allegedly being an associate of the Black Guerilla Family ("BGF") prison gang.  Prison officials decided to retain Plaintiff in the SHU in January 2014 and April 2014.

From December 26, 2013, through July 28, 2015, Defendants had no evidence that Plaintiff was promoting BGF gang activities, and that they knew that he was not a BGF member based on documents in his C-File.

On July 28, 2015, Defendants retained Plaintiff in the SHU in part based on a false prison gang validation as a BGF member.  Plaintiff contends that this was done in retaliation for his civil action Manago v. Williams, of which Defendants knew, and because of his willingness to report staff criminal activity, file grievances and assist the Office of Internal Affairs with criminal investigations.  Plaintiff contends that Defendants knew that he did not pose a threat to the safety and

security of the institution, and knew that he has stopped various "major security threats." ECF No. 13, at 9. He also alleges that they knew that he assisted in preventing staff sex crimes and other criminal activities.

Plaintiff contends that in March 2016, an officer prepared a confidential report indicating that Plaintiff was being targeted for assault/murder, substantiating his safety concerns. He alleges that Defendants knew of his safety concerns as early as December 2013, but failed to inform Plaintiff of the threats against him and failed to protect him from potential attacks. Plaintiff had been assaulted previously because he was labeled as a "snitch."

Defendant Maxfield told Plaintiff of inmates' alleged plan to assault him on March 16, 2016.

From January 7, 2014, through July 16, 2014, Defendant Davey was responsible for allowing staff to change Plaintiff's single cell status to double cell status, with the intent of housing Plaintiff with a known gang rival. However, the rival gang members refused to come into Plaintiff's cell.

Plaintiff also alleges that Defendant Davey failed to supervise Corcoran staff to ensure that rules, policies and procedures were enforced on July 28, 2015.

## C. DISCUSSION

### 1. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

///

///

///

Here, Plaintiff alleges that Defendants retaliated against him by retaining him in the SHU because of his grievances and civil litigation. The Court finds that this states a retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo.[2]

2. Conspiracy

a. *Section 1983*

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges that on July 28, 2015, Defendants conspired to violate his constitutional rights. His conspiracy theory, however, is not supported by anything other than his speculation. As explained above, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S.Ct. at 1965. Therefore, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

b. *Section 1985*

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).

Plaintiff's section 1985(3) conspiracy claim fails for two reasons. First, as in his section 1983 conspiracy claim, he has failed to allege specific acts in furtherance of the conspiracy. Plaintiff's allegations are conclusory and speculative at best. See Sanchez v. City of Santa Ana, 936

---

[2] Plaintiff will be instructed on service when these Findings and Recommendations are adopted.

F.2d 1027, 1039 (9th Cir. 1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). Second, Plaintiff fails to allege any kind of racial, or otherwise class-based, invidious discriminatory animus, which is an indispensable element of a section 1985(3) claim. Sprewell, 266 F.3d at 989 (quotations and citation omitted).

Plaintiff therefore fails to state a conspiracy claim under section 1985(3).

### 3. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO") authorizes a private right of action by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). In order to state a civil RICO claim, a plaintiff must sufficiently allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir.2001).

Plaintiff alleges that Defendants Davey and Sexton violated RICO "for multiple RICO predicate acts, including obstruction of justice. . ." ECF No. 13, at 23. However, civil rights violations do not fall within the statutory definition of "racketeering activity." Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir.1997). Moreover, Plaintiff fails to show that he suffered any injury to his business or property due to actions that would be defined as racketeering activity under section 1961. See Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc) ("injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff" and "personal injuries are not compensable under RICO").

Plaintiff therefore fails to state a claim under RICO and this cannot be cured by amendment.

### 4. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their

offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff alleges that Defendants knew of his safety concerns in December 2013, but failed to inform him of the threats against him and failed to protect him from potential attacks.  Plaintiff was also changed from single cell to double cell status in January 2014, though he states that rival gang members would not enter his cell.

Plaintiff's allegations, however, do not rise to the level of an Eighth Amendment violation. While he cites prior attacks and potential danger, he does not sufficiently allege that Defendants were aware of a substantial risk of harm and failed to take action.  For example, Plaintiff states that no assault occurred based on the cell status change.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("a mere suspicion that an attack will occur" is not enough to support a cognizable Eighth Amendment claim); Williams v. Wood, 223 Fed. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [plaintiff's] future health").

For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

5.  Failure to Train and Supervise

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

///

///

Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff contends that Defendants Davey, Sexton and Vander Poel failed to train, supervise or control their subordinates, or enacted policies that were the moving force behind the alleged violations. As explained above, Plaintiff states a claim against all Defendants for violation of the First Amendment based on their individual participation. He does not, however, state any kind of supervisory claim. Other than the First Amendment claim, he does not specifically allege a causal link between the supervisory defendants and his claimed constitutional violations, and he has not sufficiently described any policy that would support liability.

Plaintiff therefore fails to state a claim based on supervisory liability.

### D. **FINDINGS AND RECOMMENDATIONS**

Plaintiff's First Amended Complaint states a cognizable claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo for retaliation in violation of the First Amendment, and it SHALL GO FORWARD on this basis. It does not state any other claims, and the remaining claims are DISMISSED FOR FAILURE TO STATE A CLAIM.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **May 11, 2016**                              **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE