# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>             Plaintiff,<br><br>      v.<br><br>DAVEY, et al.,<br><br>             Defendants. | Case No. 1:16-cv-00399 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIMS AND DISMISSING REMAINING CLAIMS<br><br>(Document 22) |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,[1] filed this civil rights action on March 24, 2016. He filed a First Amended Complaint on April 18, 2016. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 11, 2016, the Magistrate Judge issued Findings and Recommendations that Plaintiff's First Amended Complaint stated certain cognizable claims. The Findings and Recommendations were served on Plaintiff and contained notice that any objections must be filed within twenty-one (21) days. Plaintiff filed objections on May 20, 2016.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections,

///

---

[1] Plaintiff is subject to 28 U.S.C. § 1915(g), but the Court determined that the allegations in his complaint met the imminent danger exception and permitted him to proceed in forma pauperis.

1

the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Prior to the issuance of the Findings and Recommendations, the Court screened Plaintiff's First Amended Complaint and ordered him to either file an amended complaint, or notify the Court of his willingness to proceed *only* on the retaliation claim.  The Court explained that if he elected to proceed only on the cognizable claim, then the remaining claims would be dismissed.  ECF No. 16, at 8.

On May 5, 2016, Plaintiff notified the Court that he wanted to proceed only on the First Amendment retaliation claim, and that he did "not wish to file an amended complaint."  ECF No. 20, at 1.  Based on Plaintiff's decision, the Court issued the instant Findings and Recommendations so that the non-cognizable claims could be dismissed and this action could move forward.

On May 20, 2016, however, Plaintiff filed objections to the Findings and Recommendations. His objections are inconsistent with his prior notification to the Court that he wished to proceed only on the retaliation claim.

Nonetheless, the argument raised in Plaintiff's objections does not render the Findings and Recommendations incorrect.  He states that he needs to conduct discovery, and he will then move the Court to amend if the evidence supports his Eighth Amendment claim.  Plaintiff is advised that at the screening stage, he is not entitled to discovery.  Rather, the Court reviews Plaintiff's allegations to determine if the action should go forward.  If the action proceeds and Defendants file an answer, a Discovery and Scheduling Order will issue and discovery will open.  Should Plaintiff uncover evidence to support an additional claim, he can move to amend in accordance with the Discovery and Scheduling Order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 11, 2016, are adopted in full;

///

///

///

///

2. This action SHALL PROCEED on Plaintiff's First Amendment retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo[2]; and

3. All remaining claims are DISMISSED FOR FAILURE TO STATE A CLAIM.

IT IS SO ORDERED.

Dated:   **May 23, 2016**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Plaintiff will be instructed on service by separate order.

3