UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>                Plaintiff,<br><br>       v.<br><br>DAVEY, et al.,<br><br>                Defendants. | No.  1:16-cv-00399 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br>(Document 40)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 24, 2016.  The action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo.  Specifically, Plaintiff alleges that Defendants retained him in the SHU because of his grievances.  The Court directed the United States Marshal to serve Defendants on June 3, 2016.  There is no indication that any Defendants have been served at this time.

On July 7, 2016, Plaintiff filed a motion for a protective order.  He asks the Court to prevent CDCR agents and staff from enforcing any conditions of parole that would interfere with his right to litigate this action, such as the ban on contacting any current or former members of

1

prison gangs.[1] Plaintiff contends that many of his material witnesses are current or former prison gang members. The Court construes Plaintiff's motion as one for injunctive relief.

Plaintiff filed a similar motion on June 20, 2016, in which he requested a Court order directing CDCR management to allow him to contact his inmate witnesses. The Court denied the motion on July 6, 2016, explaining that Plaintiff first needed to utilize CDCR procedures related to correspondence prior to seeking relief from the Court. The Court also explained that it does not have jurisdiction in this action over anyone other than Plaintiff and Defendants.

## DISCUSSION

This Court has explained to Plaintiff on previous occasions that its jurisdiction is limited to the parties before it <u>in this action</u> and to Plaintiff's claim arising from an alleged <u>retaliatory retention in the SHU at Corcoran State Prison</u>. *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Plaintiff states that he is set to parole on July 7, 2016, and he asks the Court to prevent CDCR staff and agents from enforcing the conditions of his parole. The Court does not have jurisdiction over anyone other than Defendants, and his requested relief falls outside of the subject matter of this action.

## FINDINGS AND RECOMMENDATIONS

Based on the above, the Court recommends that Plaintiff's motion for injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written

---

[1] Plaintiff states that he is being placed on parole on July 7, 2016.

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **July 13, 2016**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE