UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>           Plaintiff,<br><br>      v.<br><br>DAVEY, et al.,<br><br>           Defendants. | No.  1:16-cv-00399 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL WITHOUT PREJUDICE<br><br>(Document 41) |

Plaintiff Stewart Manago ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 24, 2016.  The action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Davey, Sexton, Vander Poel, Maxfield, Valdez, Acevedo and Razo.  Specifically, Plaintiff alleges that Defendants retained him in the SHU because of his grievances.  The Court directed the United States Marshal to serve Defendants on June 3, 2016.  There is no indication that any Defendants have been served at this time.

On July 11, 2016, Plaintiff filed a motion for a "protective order not to disclose" his new address to the public.  The Court construes this as a motion to seal.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).  "Unless a particular court record is one

1

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. *See id.* at 1178-79.

    Although Plaintiff requests that his address be protected from public view, he does not explain the reasons behind his request. Without such information, the Court cannot rule on his motion. Accordingly, the motion is DENIED WITHOUT PREJUDICE to refiling with the required information.

IT IS SO ORDERED.

    Dated: __July 13, 2016__          /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE