UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>        Plaintiff,<br><br>   vs.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR APPLICATION OF NON-PRISONER PROVISIONS IN LOCAL RULES<br>(ECF No. 55.) |

**I.    BACKGROUND**

Stewart Manago ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively. "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 22.)

On September 20, 2016, Defendants filed a request for application of non-prisoner provisions in the Local Rules in this action. (ECF No. 55.)

**II.    LOCAL RULE 230(*l*)**

Local Rule 230 governs the Court's civil motion calendar and procedure. Rule 230(*l*) provides exceptions to the rule for motions in prisoner cases, defined as "actions wherein one

1

party is incarcerated and proceeding <u>in propria persona</u>." L.R. 230(*l*).[1] The main exception to the rule is that motions in prisoner cases "shall be submitted upon the record without oral argument unless otherwise ordered by the Court." <u>Id.</u>

Defendants argue that Local Rule 230(*l*) no longer governs this case because Plaintiff Stewart Manago is no longer a state prisoner. Defense counsel declares that "[a]s indicated from his change of address, Plaintiff is no longer in prison. He has been discharged from the California Department of Corrections and Rehabilitation and is living in Barstow, California." (Decl. of Annakarina De La Torre-Fennell ¶2.)

At the time Plaintiff's action was filed in March 2016, Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California, and was proceeding <u>in propria persona</u>. (ECF No. 1 at 1.) Therefore, the Court designated this action a prisoner case. (See Court Docket.) On July 11, 2016, the Court was notified of Plaintiff's change of address to a street address in Barstow, California. (Court Record.)

Defendants correctly observe that, due to Plaintiff's change in custody, this case does not currently fit within the definition of a prisoner case as stated in Rule 230(*l*). However, for practical reasons, when a case is designated a prisoner case at the Court, the designation usually remains the same until the case is closed. The Court is obligated by law to follow distinctly different rules and procedures when managing prisoner case litigation, and continuity is

---

[1] Local Rule 230(*l*) provides:

"**Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding <u>in propria persona</u>, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired." L.R. 230(*l*).

necessary for the Court to manage its docket. Although not an indication of what may occur in this case, it is not uncommon for a prisoner who is released from custody to later return to custody, only to be released again at a later time. This Court has hundreds of pending prisoner cases, and it would impose an undue burden on the Court, with little benefit, to change the designation of a prisoner case every time the Plaintiff's custody status changed. For these reasons, this case shall continue to be designated a prisoner case subject to Local Rule 230(l). Accordingly, Defendants' motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for the application of non-prisoner provisions in the Local Rules to this action, filed on September 20, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **September 23, 2016**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE