UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEWART MANAGO, | 1:16-cv-00399-LJO-GSA-PC |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** <br> **(ECF No. 75.)** |
| vs. | |
| D. DAVEY, et al., | **ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER** <br> **(ECF No. 76.)** |
| Defendants. | |
| | **ORDER EXTENDING DEADLINES FOR ALL PARTIES** |
| | <u>New Discovery Deadline</u>:          July 7, 2017 |
| | <u>New Dispositive Motions Deadline</u>: Sept. 8, 2017 |

## I. BACKGROUND

Stewart Manago ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.)

1

On February 17, 2017, Defendants filed a motion for a protective order and a motion to modify the court's Discovery and Scheduling Order. (ECF No. 75, 76.) Plaintiff has not opposed the motions.

## II.     MOTION FOR PROTECTIVE ORDER – RULE 26(c)

### A.     Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted). The party seeking the protective order bears the burden of demonstrating "specific prejudice or harm will result if no protective order is granted." Id. at 1210–11. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the Rule 26(c) test." Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004) (quoting Phillips, 307 F.3d at 1211–12). To meet the "good cause" requirement, the moving party must show that specific prejudice or harm will result in the absence of a protective order. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003.) "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211.

"Unless the court orders otherwise, testimony [in a deposition] may be recorded by audio, audiovisual, or stenographic means [and t]he noticing party bears the recording costs." Fed. R. Civ. P. 30(b)(3)(A). "[P]arties [are] authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Advisory Committee's Note on 1993 amendment to Rule 30(b). The party who notices the deposition must state in the notice the method for recording the testimony. Fed. R. Civ. P. 30. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. Fed. R. Civ. P. 30.

An independent operator for the recording of a deposition is not required. The court in Rice's Toyota World, Inc. discussed the use of an independent operator for recording of depositions:

> [T]he courts in Lucas v. Curran, 62 F.R.D. 336, 338 (E.D. Pa. 1974) and Marlboro Products Corp. v. North Am. Philips Corp., 55 F.R.D. 487 (S.D.N.Y. 1972), both dispensed with an independent operator even though there was not a backup stenographic deposition . . . In Marlboro, the court specifically permitted plaintiff's counsel to run the recording device and have counsel's secretary type the transcript. It held that neither Rule 28(a), Fed. R. Civ. P., which requires depositions to be taken before one authorized to administer oaths and take testimony, or Rule 28(c), which forbids depositions to be taken by counsel of the party, require an independent person to run the recording device. It found the independent person was not a technological necessity and the supposed neutrality of the operator would be a mere illusion in the actual circumstances of an audio deposition.

Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc., 114 F.R.D. 647, 651 (M.D.N.C. 1987).

"As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips, 307 F.3d at 1210) (citing San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.")). Courts have sometimes restricted access to video depositions to protect parties from the potential for embarrassment, but not where there is a significant and legitimate public interest in the content of those depositions. Condit v. Dunne, 225 F.R.D. 113, 118–20 (S.D.N.Y. 2004) (releasing video depositions where the case was one of "public concern" because it involved a "then-sitting United States Congressman in the discharge of his duties," and where court found that "any tainting of the jury pool can be remedied through voir dire"), Felling v. Knight, 211 F.R.D. 552, 554–55 (S.D. Ind. 2003) (initially sealing video depositions of non-parties in lawsuit involving battery allegations against Bobby Knight, the well-known Indiana college basketball coach, to protect those non-parties from potential embarrassment, and then releasing the video depositions after the case settled, both on the grounds that the potential for embarrassment had decreased following settlement of the case, and on the grounds that any remaining potential for embarrassment was

"outweighed by the public's right to know," since "[s]eemingly few topics in the state of Indiana have generated more attention or public debate in recent times than the events surrounding Knight's termination"), and Flaherty v. Seroussi, 209 F.R.D. 295, 300 (N.D.N.Y. 2001) (releasing video depositions of mayor and other public officials where the underlying litigation alleged improper official action, since the public interest outweighed any interest in preventing "modest embarrassment" to the mayor).

### B. **Defendants' Motion**

Defendants move the court for a protective order requiring Plaintiff to employ the use of an independent certified videographer or, in the alternative, prevent the filming of defense counsel, Annakarina De La Torre-Fennell, and preclude improper use of the video recording of Plaintiff's deposition.

Defendants assert that Plaintiff has annoyed and harassed defense counsel by repeatedly commenting about the impropriety of defense counsel's representation, repeatedly made statements about a federal investigation, and requested to videotape his own deposition for the purpose of turning it over to the FBI. Defendants assert that on January 31, 2017, Plaintiff contacted them to inform them of his intention to either video or audio record Plaintiff's own deposition. Defendants object to Plaintiff recording the deposition himself because he is likely to use the recording for improper purposes.

Plaintiff has stated his intent to use the video recording for submission to the FBI for his investigation into the purported misconduct of the CDCR. (Declaration of A. De La Torre-Fennell, ECF No. 75-1 ¶15.) However, Defendants find it unclear why a transcript of the deposition is not sufficient for these purposes. Plaintiff has stated that he intends to purchase a copy of the transcript from the stenographer who will be present at the deposition.

Defendants state that it is also unclear what purpose Plaintiff could have for any recording of or image of defense counsel in support of his own case. Defendants argue that the only reason to use a video recording of his deposition at trial would be to embarrass and harass defense counsel. Plaintiff has repeatedly singled out defense counsel for harassment during this case. Defendants assert that Plaintiff has repeatedly commented about the impropriety of

4

defense counsel's representation in this case and referred to defense counsel as a criminal and guilty of committing perjury and other illegal acts. For example, Plaintiff specifically identified defense counsel within various motions and alleged defense counsel has made violations of discovery rules, acted in bad faith in seeking extensions of time, withheld evidence, and attempted to "cover up for" law enforcement staff who are involved in a purported criminal conspiracy within CDCR and "manipulating the justice system." (Id. ¶3.) Notably, Plaintiff has specifically stated, "Deputy Attorney General (DAG) De La Torre-Fennell is making a serious mistake by attempting to manipulate the record." (Id. at ¶10.) Plaintiff has informed counsel that "other state and federal offices do not agree with [her] handling of this case," indicating defense counsel's conduct is being reviewed or somehow evaluated in some investigation that has nothing to do with her position or performance as a Deputy Attorney General. (Id. ¶4.) Additionally, defense counsel believes Plaintiff was recording a phone call between herself and Plaintiff on November 16, 2016, without her permission. (Id.) Defense counsel asserts that Plaintiff also requested the Office of the Attorney General to remove itself from this case, but has provided no authority for such relief. (Id.)

Defendants seek a court order requiring Plaintiff to employ the use of an independent certified videographer or, in the alternative, an order preventing the filming of defense counsel and precluding improper use of the video recording. Should the court permit Plaintiff to film the deposition, Defendants further request that Plaintiff be advised that such filming or audio recording not disrupt the deposition in any manner.

**D.** **Discussion**

The court finds that Defendants have met their burden to show that a protective order is warranted in this case. Defendants have given specific examples of Plaintiff's annoyance and harassment of defense counsel and of Defendants' safety and security concerns. Defendants have shown good cause for the court to issue a protective order in this case. Accordingly, Defendants' motion for a protective order shall be granted.

///

The parties are advised that pursuant to Fed. R. Civ. P. 30, "[a]t any time during a deposition the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). A deposition cannot be recorded in such a way that the appearance and demeanor of the deponent or attorneys are distorted. Fed. R. Civ. P. 30(b)(5)(B). On motion, the court may order the deposition be terminated or its scope limited consistent with Rule 26(c). Fed. R. Civ. P. 30(d)(3)(B). A terminated deposition may only be resumed by court order. Id. Sanctions, including costs and attorney's fees, may be awarded for conduct that the court finds "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The court may order depositions to be resumed or taken again and that the cost be borne by the party whose counsel's conduct necessitated retaking the deposition. See e.g. Obrien v. Amtrak, 163 F.R.D. 232, 236 (E.D. Pa.1995); see Fed. R. Civ. P. 30(d)(3)(C) ("Rule 37(a)(5) applies to the award of expenses.").

Plaintiff shall not be required to hire an independent videographer for the deposition. Under Rule 30(b)(3), Plaintiff is permitted to designate another method for recording the testimony in addition to Defendants' stenographer. Barring improper conduct, Plaintiff shall be allowed to use his own camera to videotape his own deposition. The court's Protective Order shall require Plaintiff to strictly adhere to the court's guidelines, Federal Rules of Civil Procedure, and Local Rules, to assure the accuracy and integrity of the deposition record. Plaintiff must refrain from disruption, delay, or other bad faith conduct during the proceedings, including the harassment or embarrassment of defense counsel. He shall not take video nor still photos of Defense Counsel. Plaintiff is further instructed that he may not use the video recording of the deposition for any improper purpose. Plaintiff is forewarned that the court has discretion to impose sanctions, including dismissal of his case, for improper behavior.

///

///

///

# III. MOTION TO MODIFY SCHEDULING ORDER

## A. Legal Standard

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, the party cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## B. Defendants' Motion

Defendants request a forty-five-day extension of the discovery cut-off and motion to compel deadlines for Defendants, and a forty-five-day extension of the dispositive motion deadline from the date the Court rules on their motion for a protective order regarding Plaintiff's deposition.

Defendants attest that Plaintiff's stated intention to videotape himself during the deposition scheduled for February 27, 2017, has raised concerns, and Defendants require an extension of the discovery deadline to permit the taking of Plaintiff's deposition after the court has ruled on their motion for a protective order. Defendants argue that an extension of time will not delay the prosecution of this action nor prejudice Plaintiff, but will facilitate efficient resolution of this case by allowing the deposition to proceed with Defendants' concerns addressed, after which time a motion for summary judgment could dispose of all or part of the case.

## C. Discussion

On August 9, 2016, the court issued a Discovery and Scheduling Order, which opened the discovery phase of this action and established deadlines for the parties, including a discovery deadline of January 6, 2017, and a dispositive motions filing deadline of March 7,

2017. (ECF No. 45.) On December 9, 2016, on Defendants' motion, the court extended the discovery deadline to March 7, 2017, and the dispositive motions filing deadline to May 6, 2017, for all parties to this action. (ECF No. 70.)

The court finds that Defendants have shown that even with the exercise of due diligence, they cannot meet the deadlines established in the court's Discovery and Scheduling Order. Therefore, the court finds good cause to extend the outstanding deadlines for all parties to this action. Plaintiff has not opposed Defendants' motion to modify the scheduling order.

This order also resolves Defendants' motion for a protective order filed on February 17, 2017. Therefore, the new deadlines for all parties to this action shall be as follows:

The deadline to complete discovery, including the filing of motions to compel, shall be extended to July 7, 2017. The deadline for filing dispositive motions shall be extended to September 8, 2017.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order, filed on February 17, 2017, is GRANTED;
2. Defendants' motion to modify the court's Discovery and Scheduling Order, filed on February 17, 2017, is GRANTED;
3. The deadline for completion of discovery, including the filing of motions to compel, is EXTENDED to **July 7, 2017**, for all parties to this action;
4. The deadline for filing dispositive motions is EXTENDED to **September 8, 2017**, for all parties to this action;
5. All other provisions of the Discovery and Scheduling Order issued on August 9, 2016, remain the same; and
6. The court's Protective Order follows herein.

///
///
///

# PROTECTIVE ORDER

This Protective Order establishes the terms and conditions under which Plaintiff, Stewart Manago, may use his own video camera to record his own deposition in this case, <u>Manago v. Davey, et al.</u>; 1:16-cv-00399-LJO-GSA-PC.

(1) Plaintiff may bring only one video camera to the deposition;

(2) Plaintiff may bring one person with him to the deposition, to operate the video camera. Plaintiff may not operate the camera himself;

(3) The recording shall run continuously throughout the deposition from beginning to end but may be suspended during breaks, etc., upon stipulation of Plaintiff and all counsel present;

(4) Plaintiff's video camera must be fixed solely on the witness;

(5) Plaintiff may not film Defense Counsel, Annakarina De La Torre-Fennell, without her explicit written permission;

(6) There shall be no unusual lighting in the deposition room solely for the video camera;

(7) During the deposition proceedings the camera shall not be moved;

(8) Plaintiff or his assistant may not use any other recording instrument, including a phone, in addition to the one video camera allowed;

(9) Plaintiff shall bear the cost of the videotaping which shall not be taxable as costs of the action;

(10) The deposition shall be concurrently recorded by a stenographer qualified pursuant to the Federal Rules of Civil Procedure. The stenographic transcript shall be the official record of the deposition and certification of this shall follow the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure. The use of the video recording record at trial is left entirely to the discretion of the trial judge;

(11) Plaintiff shall use only one video camera to produce one original video recording, which shall be maintained by Plaintiff. Any party is entitled to a

reproduction of the original recording upon request. If the recording is made on videotape, the party requesting the copy must make payment of the blank videotape price. Plaintiff shall provide copies of the original recording or videotape tape no later than two weeks after the request and payment are made. No payment is required for a copy of an electronic recording;

(12) Plaintiff is required to record the deposition accurately and in a trustworthy manner in order to truly take and record the evidence presented;

(13) Plaintiff must refrain from disruption, delay, or any other bad faith conduct during the proceedings, including the harassment or embarrassment of Defense Counsel or any other person attending the deposition;

(14) Plaintiff is precluded from using the video recording of the deposition for any improper purpose;

(15) Plaintiff is required to strictly adhere to the court's guidelines in this Protective Order, the Federal Rules of Civil Procedure, and this court's Local Rules, to assure the accuracy and integrity of the deposition record; and

(16) Plaintiff's failure to comply with this Protective Order may result in the imposition of sanctions, including dismissal of this case.

IT IS SO ORDERED.

Dated:   **May 19, 2017**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE