UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL**<br>**(ECF No. 61.)**<br><br>**ORDER FOR DEFENDANTS TO PRODUCE REDACTED DOCUMENT IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION SET THREE, NO. 1**<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**<br>**(ECF No. 67.)**<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL**<br>**(ECF No. 68.)**<br><br>**ORDER DENYING PLAINTIFF'S FOURTH MOTION TO COMPEL**<br>**(ECF No. 73.)** |

## I. BACKGROUND

Stewart Manago ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D.

1

Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.)

On November 18, 2016, December 1, 2016, December 5, 2016, and January 5, 2017, Plaintiff filed four motions to compel discovery. (ECF Nos. 61, 67, 68, 73.) On December 8, 2016, December 20, 2016, and January 25, 2017, Defendants filed oppositions to the motions. (ECF Nos. 69, 71, 72, 74.) Plaintiff has not replied to the oppositions. Plaintiff's motions to compel are now before the court.

## II. LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). With respect to requests for admissions, a party may propound requests for admissions of the "truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control

the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id.

### III. PLAINTIFF'S ALLEGATIONS AND CLAIMS

This case now proceeds against defendants Acevedo, Davey, Maxfield, Razo, Sexton, Valdez, and Vanderpoel on Plaintiff's claims that they retaliated against him at Corcoran State Prison (CSP) by retaining him in the SHU because of his grievances and civil litigation. In the First Amended Complaint, Plaintiff alleges that Defendants retained him in the SHU beginning on December 6, 2013, based in part on a false report that claimed that he was a validated member of the Black Guerilla Family (BGF) gang. (ECF No. 13.) Plaintiff also alleges that he was retaliated against and detained in the SHU because he filed a civil action, Manago v. Williams, and because of his willingness to report staff criminal activity, file grievances, and assist the Office of Internal Affairs with criminal investigations.

To state a First Amendment retaliation claim, a plaintiff must satisfy five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to

pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

**IV. FIRST MOTION TO COMPEL (ECF No. 61.)**

On November 18, 2016, Plaintiff filed a motion to compel Defendants to produce documents pursuant to Plaintiff's request for production (RFP) set three. (ECF No. 61.) Plaintiff served the RFP set three on Defendants on September 27, 2016, and Defendants served responses on November 1, 2016. (ECF No. 61 at 9:13-15; ECF No. 69 at 2:13-14.)

Defendants oppose this motion to compel arguing that Plaintiff has not met his burden to identify and explain why Defendants' responses are insufficient, to address each response in the context of the request for production, to address the Defendants' objections in the context of each request for production, or to demonstrate how Defendants' asserted objections are unfounded. Defendants assert that Plaintiff has only discussed one request with particularity, RFP No. 1.

> **RPF No. 1:**
> Any and all documents that refer or relate, to on July 2, 2004, a confidential memorandum was authored by Correctional Lieutenant C. Donnahue, which indicates that inmate Manago has proven to be an active predatory inmate by his own actions, as well as having the influence to have other inmates act brutally in his behalf.
>
> **RESPONSE to RFP No. 1:**
> Defendants object to this request as overbroad. The request is vague and ambiguous as to "an active predatory inmate." Defendants further object to this request on the ground that it seeks information not relevant to the claims and defenses at issue in this action and is not proportional to the needs of the case. The request also seeks information that is deemed confidential under California Code of Regulations Title 15, Section 3321, the disclosure of which could: (1) endanger the safety of Defendants, (2) jeopardize the security of the institution; or (3) violate Defendants' privacy rights. Additionally, the production of confidential information is improper on the grounds that an inmate is not permitted to have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). No documents will be produced in response to this request.

In the motion to compel, Plaintiff argues that Lieutenant Donnahue's July 2, 2004, confidential memorandum is relevant as evidence that defendants Davey, Maxfield, Razo, Sexton, Valdez, and Vanderpoel knew that Plaintiff was not an associate of the BGF prison gang. Plaintiff also asserts that the court has given him confidential information in the past in

///

his other case <u>Manago v. Williams</u>, and that "nothing has happen[ed] to said individuals." (ECF No. 61 at 9 ¶15.)

Defendants argue that the confidential memorandum is not relevant to whether Plaintiff was appropriately validated as a BGF gang member because his validation did not occur until 2010, six years after the memorandum was drafted and more than ten years before the incident at issue in this lawsuit. Defendants also argue that Plaintiff has not addressed why the memorandum, which contains an evaluation of security and safety threats to individuals at a different institution than addressed in this lawsuit, should not be privileged. Defendants argue that disclosure to Plaintiff endangers the safety of other inmates and staff involved in an investigation and jeopardizes the security of the institution. (Kimbrell Decl. ¶4.)

The court finds the July 2, 2004, memorandum to be relevant to whether Plaintiff's retention in the SHU advanced a legitimate correctional goal. Plaintiff alleges in the First Amended Complaint that he has a long history as an admitted member of the Crips prison gang, and that the Crips and the BGF are rival gangs. Plaintiff alleges he was falsely validated as a BGF gang associate before he arrived at CSP in 2014, and that evidence of his Crips association, including the July 2, 2004, memorandum, was available to Defendants in his C-file. Plaintiff also alleges that this false validation was one of the reasons he was detained in the SHU at CSP.

According to Defendants, the July 2, 2004, memorandum contains privileged information that raises safety and security concerns. In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. "Federal common law recognizes a qualified privilege for official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990) (quoting <u>Kerr v. U.S. Dist. Court for Northern Dist. Of California</u>, 511 F.2d 192, 198 (9th Cir. 1975)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." <u>Id.</u> at 669. For each discovery request objected to, the party must file an objection and submit a declaration or

affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made. Id. at 670. "The asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992).

The court is sensitive to issues involving confidential investigations and security measures to protect inmates and others at the institution. Defendants have voiced safety and security concerns for the inmates and the institution should the July 2, 2004, memorandum be released, citing California Code of Regulations, title 15, §§ 3321, 3370(d). However, discovery in federal court is not governed by California's Code of Regulations or other state law. As discussed above, in civil rights cases brought under section 1983, questions of privilege are resolved by federal law.

Defendants have properly invoked the federal official information privilege by making a "substantial threshold showing." Defendants appropriately submitted the declaration of M. Kimbrell, Litigation Coordinator at CSP, in which Kimbrell asserts that he or she is familiar with the policies and procedures for managing confidential information, including documents generated when a confidential security threat investigation is conducted and the investigator makes confidential assessments and conclusions. (Decl. of Kimbrell, ECF No. 61 ¶¶3-5.) Kimbrell asserts that he or she has personally reviewed the document at issue and determined that the document contains confidential information and should not be released as it would endanger the safety of confidential informants, staff, and the institution, and future investigations would be hampered. (Id. at ¶¶4, 5.) Kimbrell asserts that the confidential

memoranda contained in an inmate's central file is protected from disclosure under CCR, Title 15, Section 3321, and therefore a parolee is prohibited from possession of the information. (Id. at ¶6.) Kimbrell also states that there is no way to craft a protective order to address all the concerns caused by releasing confidential memorandums to inmates, particularly in pro se cases, because inmates and parolees do not have the same incentive to obey orders as do officers of the court. (Id. at ¶7.) This showing is sufficient to invoke the federal official information privilege.

The court concurs that Plaintiff's RFP set 3, No. 1, for "[a]ny and all documents that refer or relate to" the July 2, 2004, memorandum is overbroad, and that the July 2, 2004, memorandum contains confidential information which should not be disclosed. The court also concurs that Plaintiff has not addressed why Defendants' objections are not meritorious. Plaintiff's argument that the court has given him confidential information in the past is not persuasive. However, the court finds that Defendants' claims of privilege do not justify withholding disclosure of this relevant document if properly redacted. The court finds good cause to compel Defendants to release the July 2, 2004, memorandum after Defendants have redacted names and other sensitive or confidential information they have determined will cause safety and security concerns if released.

Plaintiff has not specifically discussed any of his other requests in RFP set three, nor met his burden to show, for each disputed response, why the information sought is relevant and why Defendants' objections are not meritorious.

Based on the foregoing, Plaintiff's first motion to compel shall be granted in part. Defendants shall be required to produce, in response to Plaintiff's RFP set three, No. 1, Lieutenant Donnahue's July 2, 2004, confidential memorandum, but only after Defendants have redacted names and other sensitive or confidential information they have determined will cause safety and security concerns if released. The remainder of Plaintiff's first motion to compel shall be denied.

///

///

## V. SECOND MOTION TO COMPEL (ECF No. 67.)

On December 1, 2016, Plaintiff filed a motion to compel defendants Davey, Sexton, Maxfield, Acevedo, and Razo to provide further responses to Plaintiff's interrogatories (ROGS) set one and request for admissions (RFA) set one. (ECF No. 67.) Plaintiff served the ROGS and RFA on Defendants on August 15, 2016, and defendants Davey, Sexton, Maxfield, Acevedo, and Razo served responses on November 22, 2016. (ECF No. 67 at 2:3-4; Decl. of De La Torre-Fennell, ECF No. 71-1 ¶¶2, 5.) In the motion to compel, Plaintiff argues that Defendants did not act in "good faith" in their responses, in violation of Rules 26, 22, and 36. (ECF No. 67 at 1-2.) Plaintiff requests that the court order Defendants to act in "good faith," investigate Plaintiff's claims, and respond further to the ROGS and RFA. (Id. at 7.)

In opposition to this motion to compel, Defendants argue that Plaintiff fails to identify and explain why Defendants' responses are insufficient, address each response in the context of the interrogatory or request for admission, address the Defendants' objections in the context of each interrogatory or request for admission, or demonstrate how Defendants' asserted objections are unfounded. Defendants assert that instead, Plaintiff's motion to compel merely accuses Defendants of acting in bad faith and refusing to answer relevant requests.

The court finds that Plaintiff has not met his burden to inform the court, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. (ECF No. 67.) Plaintiff has not addressed any of the ROGS or RFA individually. Therefore, Plaintiff's motion to compel defendants Davey, Sexton, Maxfield, Acevedo, and Razo to provide further responses to Plaintiff's ROGS set one and RFA set one shall be denied.

## VI. THIRD MOTION TO COMPEL (ECF No. 68.)

On December 6, 2016, Plaintiff filed a motion to compel defendant Davey to produce documents pursuant to Plaintiff's RFP set two, and to compel defendants Valdez and Vanderpoel to provide further responses to Plaintiff's ROGS and RFA. (ECF No. 68.) Plaintiff argues that the documents requested in his RFP set two are "relevant and material" to Plaintiff's First Amendment claims against defendant Davey, because defendant Davey was

involved in a criminal conspiracy at Pelican Bay, High Desert, and Corcoran State Prisons. (ECF No. 68 at 3.) Plaintiff also argues that the ROGS and RFA he served on defendants Valdez and Vanderpoel are "relevant and material," and defendants Valdez and Vanderpoel failed to act in "good faith" when they responded to the ROGS and RFA, submitting false and misleading objections not supported by law. (ECF No. 68 at 1, 4.)

Defendants assert that on August 15, 2016, Plaintiff served RFA, ROGS, and RFP sets one and two on Defendants. (Decl. of De La Torre-Fennell, ECF No. 71-1 ¶2.) Further, Defendants assert that on November 18, 2016, defendant Davey served his responses to Plaintiff's RFP set two, and after being granted an extension of time, defendants Valdez and Vanderpoel served Plaintiff with their responses to the ROGS and RFA on November 22, 2016. (ECF No. 64; Decl. of De La Torre-Fennell, ECF No. 71-1 ¶¶6, 7, Exhs. K, L-O.)

In opposition to this motion to compel, Defendants argue that Plaintiff fails to identify and explain why Defendants' responses are insufficient, address each response in the context of the interrogatory, request for admission, or request for production, address the Defendants' objections in the context of each interrogatory, request for admission, or request for production, or demonstrate how Defendants' asserted objections are unfounded. Defendants assert that instead, Plaintiff's motion to compel merely accuses Defendants of violating Federal Rules of Civil Procedure 33 and 36 and refusing to answer relevant requests.

The court finds that Plaintiff has not met his burden to inform the court, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. (ECF No. 68.) Plaintiff has not individually addressed any of the requests in Plaintiff's RFP set two, ROGS, or RFA at issue. Therefore, Plaintiff's motion to compel defendant Davey to produce documents pursuant to Plaintiff's RFP set two, and defendants Valdez and Vanderpoel to provide further responses to Plaintiff's ROGS and RFA shall be denied.

### VII. FOURTH MOTION TO COMPEL (ECF No. 73.)

On January 5, 2017, Plaintiff filed a motion to compel Defendants to produce documents pursuant to Plaintiff's RFP set one. (ECF No. 73.) Plaintiff argues that the

documents requested in his RFP set one are "relevant and material" to Plaintiff's First Amendment claims, and that Defendants failed to act in "good faith" when responding to the RFP. (Id. at 2, 5.) Plaintiff argues that the declaration of M. Kimbrell, submitted by Defendants in support of Defendants' privilege log, is not supported by federal law. Plaintiff also argues that Defendants should be compelled to produce privileged documents because "this court has gave (*sic*) Plaintiff other staff and inmates' confidential information in the past, and plaintiff did not share it with any other inmates, parolees, or correctional staff." (Id. at 6.) Plaintiff states that he "has no intention to cause a security threat, or cause harm to the corrupt staff or Inmate Task Force (ITF) inmates." (Id. at 11.)

Defendants assert that on August 15, 2016, Plaintiff served RFP set one on each of the seven defendants. (Decl. of De La Torre-Fennell, ECF No. 71-1 ¶2.) On December 19, Defendants served their responses to Plaintiff's RFP set one. (ECF No. 73 at 82.)

In opposition to this motion to compel, Defendants argue that Plaintiff fails to demonstrate that Defendants have wrongfully privileged any document or asserted any unmeritorious objection. Defendants assert that disclosure of the requested documents could educate inmates about CDCR's investigatory techniques, be used to endanger the security of correctional facilities, and threaten the safety of inmates and staff. Defendants assert that Plaintiff fails to identify and explain why Defendants' responses are insufficient, to address each response in the context of the request for production, to address the Defendants' objections in the context of each request for production, or to demonstrate how Defendants' asserted objections are unfounded. Defendants assert that Plaintiff has not addressed the merits of Defendants' objections, how his requests are relevant, or how Defendants are violating the Federal Rules of Civil Procedure.

The court finds that Plaintiff has not met his burden to inform the court, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. (ECF No. 73.) Plaintiff has not addressed any of the requests in Plaintiff's RFP set one individually. Therefore, Plaintiff's motion to compel Defendants to produce documents pursuant to Plaintiff's RFP set one shall be denied.

## VIII. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel, filed on November 18, 2016, is GRANTED IN PART AND DENIED IN PART;
2. Pursuant to Plaintiff's RFP set three, No. 1, Defendants are required to produce, within thirty days of the date of service of this order, Lieutenant Donnahue's July 2, 2004, confidential memorandum, after Defendants have redacted names and other sensitive or confidential information they determine will cause safety and security concerns if released;
3. The remainder of Plaintiff's first motion to compel is DENIED;
4. Plaintiff's second motion to compel, filed on December 1, 2016, is DENIED;
5. Plaintiff's third motion to compel, filed on December 5, 2016, is DENIED; and
6. Plaintiff's fourth motion to compel, filed on January 5, 2017, is DENIED.

IT IS SO ORDERED.

Dated: **September 6, 2017**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE