UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR STAY<br>(ECF No. 97.)<br><br>ORDER STAYING ALL PROCEEDINGS IN THIS ACTION PENDING JANUARY 18, 2018, SETTLEMENT CONFERENCE |

**I. BACKGROUND**

Stewart Manago ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.)

On August 9, 2016, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of January 6, 2017, for the parties to complete discovery, and a deadline of March 7, 2017, for the filing of pretrial dispositive motions. (ECF No. 45.) On September 8, 2017, the Court extended the discovery deadline to October 6, 2017, and the dispositive motions deadline to December 6, 2017. (ECF No. 89.)

1

On September 6, 2017, the court granted in part Plaintiff's first motion to compel and ordered Defendants to produce a redacted copy of Lieutenant Donnahue's July 2, 2004, Confidential Memorandum within thirty days. (ECF No. 61.)

On September 19, 2017, the court issued an order scheduling a settlement conference for this case for January 18, 2018, at 9:30 a.m. (ECF No. 96.)

On September 22, 2017, Defendants filed a request to stay the proceedings in this action pending the settlement conference. (ECF No. 97.)

## II. MOTION TO STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceeding in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendants request a stay of the proceedings in this action until after the January 18, 2018, settlement conference. Defense counsel declares that on September 11, 2017, she spoke with Plaintiff, who indicated he would be willing to seek a stay of discovery, including production of the July 2, 2004, confidential Memorandum, in this action should the matter proceed to a settlement conference. (Decl. of Annakarina De La Torre-Fennell, ECF No. 97 ¶4.) Defendants argue that if the court does not stay this action, the discovery and dispositive motions deadline will occur prior to the settlement conference, which could resolve this case in its entirety, resulting in the parties unnecessarily spending additional time and money on this matter. (Id. ¶7.)

The court does not lightly stay litigation, due to the possibility of prejudice. However, Defendants have shown good cause for a stay of the proceeding in this action until after the January 18, 2018, settlement conference. Therefore, the court shall stay this action until after the settlement conference. If the settlement is not successful, the court shall set new deadlines

for Defendants to produce a redacted copy of Lieutenant Donnahue's July 2, 2004, Confidential Memorandum, for the completion of discovery, and for the filing of dispositive motions.

**III. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for stay, filed on September 22, 2017, is GRANTED;
2. All proceedings in this action are STAYED until after the settlement conference scheduled for January 18, 2018; and
3. If the settlement is not successful, the court shall set new deadlines for Defendants to produce a redacted copy of Lieutenant Donnahue's July 2, 2004, Confidential Memorandum, for the completion of discovery, and for the filing of dispositive motions.

IT IS SO ORDERED.

Dated: **September 25, 2017**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE