UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>        Plaintiff,<br><br>    vs.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL<br>(ECF No. 87.)**<br><br>**ORDER FOR PLAINTIFF TO MAKE<br>FURTHER RESPONSES TO ALL OF<br>DEFENDANTS' INDIVIDUAL<br>INTERROGATORIES, SET ONE**<br><br>**ORDER FOR PLAINTIFF TO PRODUCE<br>DOCUMENTS REQUESTED IN<br>DEFENDANTS' REQUEST FOR<br>PRODUCTION OF DOCUMENTS, SET<br>ONE**<br><br>**ORDER FOR PLAINTIFF TO RESPOND<br>TO DEFENDANTS' MOTION FOR<br>PAYMENT OF EXPENSES**<br><br>**THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

        Stewart Manago ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint

1

commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.) This case is currently in the discovery phase, with a discovery deadline of February 28, 2018. (ECF No. 102.)

On July 12, 2017, Defendants filed a motion to compel discovery. (ECF No. 87.) Plaintiff has not filed a response to the motion to compel. On September 1, 2017, Defendants filed a declaration in lieu of reply to the motion to compel. (ECF No. 94.) Defendants' motion to compel is now before the court. L.R. 230(*l*).

## II. LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008). A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available

to him or under his control. Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa.1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D.Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as

requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id.

///

///

On August 9, 2016, the court issued a discovery and scheduling order. (ECF No. 45.) Pursuant to the order, the parties were required to provide initial discovery disclosures no later than September 23, 2016. (Id.) Plaintiff was instructed as follows:

> Plaintiff shall provide Defendants with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.
>
> Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control1 which he may use to support the allegation(s) in his complaint, or his claims or injury of damage.

(ECF No. 45 at 1-2 ¶A.) The order required the parties serve written discovery at least thirty (30) days prior to the close of discovery, and to serve responses within thirty (30) days after service of the discovery request. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). (ECF No. 45 at 4 ¶IV.A.)

### III. PLAINTIFF'S ALLEGATIONS

This case now proceeds against defendants Acevedo, Davey, Maxfield, Razo, Sexton, Valdez, and Vanderpoel on Plaintiff's claims that they retaliated against him at Corcoran State Prison by retaining him in the Security Housing Unit (SHU) because of his grievances and civil litigation. In the First Amended Complaint, Plaintiff alleges that Defendants retained him in the SHU beginning on December 6, 2013, based in part on a false report that he was a validated member of the Black Guerilla Family gang. (ECF No. 13.) Plaintiff also alleges that he was retaliated against and detained in the SHU because he filed a civil action, Manago v. Williams, and because of his willingness to report staff criminal activity, file grievances, and assist the Office of Internal Affairs with criminal investigations.

### IV. DEFENDANTS' MOTION TO COMPEL (ECF No. 87.)

On July 12, 2017, Defendants filed a motion to compel further responses to Defendants' individual interrogatories (ROGS), set one, and to compel production of documents pursuant to their collective request for production (RFP), set one. (ECF No. 87.) Defendants served their

///

ROGS and RFP on January 19, 2017. (De La Torre-Fennell Decl. ¶ 7, Exs. A, B, C, D, E, F, G, and H.)

On February 24, 2017, Plaintiff filed a motion for an extension of time to respond to Defendants' discovery requests. (ECF No. 78.) Plaintiff asserted that he could not properly respond to the requests until after he obtained Defendants' responses to Plaintiff's discovery requests. (Id.) On May 22, 2017, in granting Plaintiff's request, the court instructed Plaintiff to provide information known or within his possession, custody, or control. (ECF No. 84.) The court ordered Plaintiff to serve his responses to Defendants' ROGS and RFP by June 22, 2017. (ECF No. 84 at 4:19-23.)

Plaintiff served his responses to the ROGS on June 22, 2017. (De La Torre-Fennell Decl. ¶¶ 8, 11, Exs. I, J, K, L, M, N, and O.) Defendants argue that Plaintiff's responses are insufficient because Plaintiff merely refers to the complaint and other court documents, fails to identify and verify all facts in support his allegations, and fails to fully respond to the ROGS. For example, Plaintiff provides no response at all to Defendant Davey's ROGS Nos. 12 and 13. (De La Torre-Fennell Decl., Ex. I at Nos. 12 and 13.) In his responses to Defendants' ROGS, Plaintiff directs Defendants to his complaint, to "court files, within the eastern district," and to Plaintiff's motions to compel. (De La Torre-Fennell Decl. Exs. I, J, K, L, M, N, and O.) Also, Plaintiff failed to verify his responses to Defendant Maxfield's ROGS with his signature, as required by Federal Rule of Civil Procedure 33.

As for Defendants' RFP, Defendants indicate that as of January 11, 2018, Plaintiff had not made any response to the RFP. (ECF No. 104 ¶¶16-18.)

Defendants seek to compel Plaintiff to make further responses to their individual ROGS, set one, as discussed above, and to produce documents pursuant to their RFP, set one.

**Discussion**

Plaintiff has been given ample notice and has had ample time to respond to Defendants' discovery requests and motion to compel, but he has not adequately responded. Defendants have informed the court which discovery requests are the subject of their motion to compel,

///

why the information sought is relevant, and why Plaintiff's responses are insufficient. Plaintiff has not made any response to the motion to compel.

The court has reviewed all of Defendants' ROGS and Plaintiff's responses. Every one of Plaintiff's responses is incomplete, and Plaintiff improperly refers Defendants to unspecified court records and files, the Complaint, and Plaintiff's then-pending motions to compel.[1] (See ECF No. 87-2 at 73-86.) Plaintiff has made no response to Defendant Davey's ROGS Nos. 12 & 13, (Id. at 77).

In light of Plaintiff's failure to respond to the motion to compel and his failure to properly respond to Defendants' discovery requests, the court finds that Plaintiff has waived his right to make objections to any of Defendants' discovery requests addressed in the motion. Plaintiff shall be ordered to serve further responses to all of Defendants' ROGS and RFP, without objections, no later than thirty days after the date of service of this order. No extension of time shall be granted without a showing of good cause.

As discussed above, Plaintiff must answer each interrogatory separately and fully in writing under oath. Plaintiff cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. He is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. If Plaintiff cannot furnish details, he should say so under oath, set forth the reason why, and set forth the efforts used to obtain the information. Plaintiff cannot plead ignorance to information that is from sources within his control.

With respect to Defendants' RFP, Plaintiff must provide the documents requested that are in his "possession, custody or control." Fed. R. Civ. P. 34(a)(1). If Plaintiff has a legal right to obtain certain documents, he is deemed to have control of the documents. A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Plaintiff should so state with sufficient specificity to allow the court to determine whether he made a reasonable inquiry and exercised due diligence. If responsive documents do exist but the Plaintiff claims

---

[1] Plaintiff's four motions to compel, filed on November 18, 2016, December 1, 2016, December 5, 2016, and January 5, 2017, were resolved on September 6, 2017. (ECF Nos. 61, 67, 68, 73, 95.)

lack of possession, control, or custody, he must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena, 2010 WL 1035774, at *3-4.

## V. DEFENDANTS' MOTION FOR PAYMENT OF FEES

Defendants request that if their motion to compel is granted, the court require Plaintiff to pay their costs in bringing the motion. Under Rule 37 of the Federal Rules of Civil Procedure, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the court deems them unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Defendants cite Warren v. Guelker in support of their request. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (discussing Rule 11sanctions) (Although a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions, it cannot decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*.) Defendants assert that Plaintiff has not complied with the Discovery and Scheduling Order or the court's May 22, 2017, Order, and his discovery responses are overdue. (De La Torre-Fennell Decl. at ¶¶ 7-9.) Defendants estimate that they incurred $425.00 in fees associated with bringing the motion to compel, which does not reflect any time for preparation of a reply to any opposition filed by Plaintiff, nor does it include any supervisor or paralegal time. (De La Torre-Fennell Decl. ¶¶ 10, 11.)

Plaintiff has not filed a response to the motion for fees. Because Rule 37 requires an opportunity for Plaintiff to be heard, in an abundance of caution the court shall allow Plaintiff thirty days in which to file a response to Defendants' motion for fees. The court shall address the motion after Plaintiff has had his opportunity to be heard

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed on July 12, 2017, is GRANTED;

///

2. Within thirty days of the date of service of this order, Plaintiff is required to serve further responses, under oath, to all of Defendants' ROGS, set one, and produce documents pursuant to Defendants' RFP, set one, without objections, as instructed by this order;

3. Within thirty days from the date of service of this order, Plaintiff is required to file a response to Defendants' motion for fees;

4. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **January 23, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE