# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,

    vs.

D. DAVEY, et al.,

      Defendants.

1:16-cv-00399-LJO-GSA-PC

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 106.)**

## I.    BACKGROUND

Stewart Manago ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.) This case is currently in the discovery phase, with a discovery deadline of February 28, 2018. (ECF No. 102.)

On February 9, 2018, Plaintiff filed an opposition to the court's order issued on January 23, 2018, which requires Plaintiff to respond to Defendants' discovery requests. (ECF No. 106.) The court construes Plaintiff's opposition as a motion for reconsideration of the order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

On January 23, 2018, the court issued an order granting Defendants' motion to compel Plaintiff to make further responses to discovery requests. (ECF No. 105.) Plaintiff was ordered to make further responses to Defendants' interrogatories, set one, and request for production,

set one. (Id.) Plaintiff was also ordered to respond to Defendants' motion for payment of expenses for bringing the motion to compel, within thirty days. (Id.) The court forewarned Plaintiff that his failure to comply with the court's order may result in the dismissal of this case. (Id. at 9 ¶4.)

Plaintiff argues that he is unable to comply with the court's order because he is in custody at a county jail without his case files or access to a law library. Plaintiff claims that the Attorney General's Office has subjected him to retaliatory transfers to cause Plaintiff to miss his court-ordered deadlines.

Plaintiff also argues that he should not be ordered to pay Defendants any expenses for bringing their motion to compel because Defendants have not provided Plaintiff with all of the documents he needs to properly respond to their interrogatories and request for production of documents.

Plaintiff also states that he is willing to participate in settlement negotiations with Defendants and requests the court to schedule a settlement conference.

Finally, Plaintiff requests the court to stay this case pending resolution of his ongoing criminal case, unless the court can provide Plaintiff with copies from the court's file in which case Plaintiff will attempt to respond to Defendants' discovery requests. Plaintiff also requests the court to order jail officials to provide him with access to the law library.

III. DISCUSSION

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

Plaintiff's requests for the court to stay this case pending resolution of his criminal case, to send him free copies from the court's files,[1] and to order jail officials to allow him access to

_____

[1] Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request, prepayment of copy fees, and submission of a stamped, self-addressed envelope of appropriate size. Plaintiff's court file currently contains 106 docket entries with corresponding documents. The fact that the court has granted leave for Plaintiff to proceed *in forma pauperis*

the law library are denied. If Plaintiff is unable to meet the court's deadline to provide discovery responses to Defendants his remedy is to file a motion for extension of time, showing good cause why he requires additional time to comply with the court's order. Any motion for extension of time must address why Plaintiff needs to conduct research at the law library to respond to discovery requests and why an extension of time will not prejudice Defendants. Also, any motion for extension of time should be filed before the expiration of the prior deadline.

Plaintiff's argument that the Attorney General's Office has acted improperly fails because Plaintiff submits no evidence of misconduct except his own speculation.

Plaintiff's argument that he should not be required to pay expenses to Defendants for bringing their motion to compel is accepted by the court as Plaintiff's response to Defendants' motion for payment of expenses, pursuant to the court's order of January 23, 2018. (ECF No. 106 at 5 ¶20.) Any further response by Plaintiff to the motion for payment of expenses must be filed before the expiration of the thirty-day deadline established in the court's order of January 23, 2018. (ECF No. 105 at 9 ¶3.)

Plaintiff's request for the court to schedule a settlement conference for the parties shall be denied without prejudice. The court previously scheduled a settlement conference for January 18, 2018, but Plaintiff refused to attend and participate, causing the court to vacate the conference. (ECF No. 102.) The court shall not schedule another settlement conference in this case without assurances from all parties that they believe a settlement conference at this stage of the proceedings would be beneficial, and that they are willing to attend and participate in good faith. The court has a very busy calendar and shall not schedule another settlement conference without a showing of good cause.

Based on the foregoing, Plaintiff's motion for reconsideration shall be denied.

///

does not entitle him to free copies of documents from the court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 9, 2018, is DENIED.

IT IS SO ORDERED.

Dated:    **February 13, 2018**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE