# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**THIRTY-DAY DEADLINE** |

**I.　BACKGROUND**

Stewart Manago ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.) This case is currently in the discovery phase.

On February 28, 2018, Plaintiff filed a motion in which he expressed willingness to discuss settlement of this case, either between the parties or with the court's assistance. (ECF No. 109 at 3 ¶¶16, 17.)

**II.　SETTLEMENT CONFERENCES**

The court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the court or at a

prison in the Eastern District of California. The court will not schedule a settlement conference without assurances by all of the parties that they are willing to participate and believe, in good faith, that settlement in this case is more than a mere possibility.

The court shall require Plaintiff and Defendants to respond to this order within thirty days, indicating whether they wish the court to schedule a settlement conference, notifying the court of their willingness to participate, and stating whether they believe, in good faith, that settlement of this case is more than a remote possibility.[1] In this case, Defendants' counsel shall also notify the court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## II. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[2]

IT IS SO ORDERED.

    Dated: __**March 23, 2018**__            __/s/ Gary S. Austin__
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The court previously scheduled a settlement conference in this case to be held at the court on January 18, 2018, before a Magistrate Judge. (ECF No. 96.) However, due to disagreement between the parties about the feasibility of settlement, the conference was cancelled on December 12, 2017. (ECF No. 102.) The court strongly suggests that the parties discuss the possibility of settlement by telephone in determining whether they believe settlement is feasible and whether they are certain they want the court to schedule another settlement conference.

[2] The issuance of this order does not guarantee referral for settlement, but the court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.