# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>               Plaintiff,<br><br>  vs.<br><br>D. DAVEY, et al.,<br><br>               Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 109.) |

On February 28, 2018, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's case stems from allegations that the defendants retaliated against him by retaining him in the SHU because of his grievances and civil litigation. The court does not find that Plaintiff is likely to succeed on the merits of this case. While the court has found that "Plaintiff's First Amended Complaint states a cognizable claim . . . for retaliation in violation of the First Amendment," (ECF No. 16 at 8:6-8), this is not a finding that Plaintiff is likely to succeed on the merits. The Court finds from a review of the record that Plaintiff is able to adequately articulate his claims and respond to court orders, and Plaintiff's retaliation claims are not complex. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 24, 2018**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE