# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>D. DAVEY, et al.,<br><br>　　　　　　Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, OR IN THE ALTERNATIVE, FOR IMPOSITION OF SANCTIONS**<br>**(ECF No. 129.)** |

**I.　BACKGROUND**

　　Stewart Manago ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed by Plaintiff on April 18, 2016, against defendants J. Acevedo, D. Davey, A. Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.)

　　On September 14, 2018, the court granted Plaintiff's motion for a settlement conference and scheduled a settlement conference for November 6, 2018 at 10:30 a.m. before Magistrate Judge Stanley A. Boone, by video conference at Plaintiff's place of detention, High Desert State Prison. (ECF No. 121.) On October 19, 2018, Plaintiff notified the court that he had

been transferred to West Valley Detention Center in Rancho Cucamonga, California. (ECF No. 125.)

On October 31, 2018, the court issued an order stating that the court had telephoned defense counsel Annakarina De La Torre-Fennel and Michelle Angus, who indicated they would inquire as to the availability of a videoconference at the San Bernardino County Jail.[1] On November 5, 2018, the court vacated the settlement conference after learning that video conferencing was not available. (ECF No. 127.) Defense counsel was instructed to advise the court if and when a settlement conference may be re-scheduled in this case. (Id.)

On November 20, 2018, Plaintiff filed a motion for appointment of counsel to represent him at the next settlement conference, or in the alternative, for the court to impose sanctions on Defendants and San Bernardino County Jail officials for misleading the court. (ECF No. 129.) Plaintiff also requests an FBI investigation and personal compensation of $1,000.00. (Id.) Plaintiff also complains that the court engaged in inappropriate ex parte communication with defense counsel. (Id.) Pursuant to Local Rule 230(*l*), this motion shall be submitted upon the record without oral argument.

**II.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests court-appointed counsel to represent him at the next settlement conference. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

---

[1] The West Valley Detention Center, 9500 N. Etiwanda Ave., Rancho Cucamonga, CA 91739, is a San Bernardino County Jail facility.

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff's case stems from allegations that the defendants retaliated against him by retaining him in the SHU because of his grievances and civil litigation. The court does not find it likely that Plaintiff will succeed on the merits of this case. While the court has found that "Plaintiff's First Amended Complaint states a cognizable claim . . . for retaliation in violation of the First Amendment," (ECF No. 16 at 8:6-8), this is not a finding that Plaintiff is likely to succeed on the merits. From a review of the record, the court finds that Plaintiff is able to adequately articulate his claims and respond to court orders, and Plaintiff's retaliation claims are not complex. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION FOR SANCTIONS, INVESTIGATION, AND COMPENSATION

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980). The court may assess attorney fees or other sanctions under its inherent power for the "willful disobedience of a court order." Chambers, 501 U.S. at 45; Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). A fee award under the court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: "The wrong done was to the court." Mark Industries, Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 733 (9th Cir. 1995).

Plaintiff requests the imposition of sanctions on Defendants for their failure to comply with the court's order issued on September 14, 2018, which required the parties to appear at a settlement conference on November 6, 2018. Plaintiff asserts that Defendants and the San Bernardino County Jail ("Jail") provided false information about the video conference capabilities available at the Jail's facilities. Plaintiff declares that San Bernardino County

represented that West Valley Detention Center has video conference capabilities, and Sergeant J. Marshal told Plaintiff that the West Valley Detention Center has video conference capabilities. (Decl. of Manago, ECF No. 129 at 3 ¶¶ 4, 6,) Plaintiff requests an investigation by the FBI to determine whether Defendants and the Jail lied about the availability of video conferencing at the Jail. Plaintiff contends that if a video conference was not available, the settlement conference should have been held as a telephonic conference. Plaintiff also requests personal compensation in the amount of $1,000.00 for the time and effort he spent preparing for the settlement conference and bringing this motion.

Defendants first argue that Plaintiff's motion should be denied because he failed to comply with Federal Rule of Civil Procedure 11(c) when he failed to serve a copy of his motion for sanctions on Defendants before filing the motion, making his motion improper.

Second, Defendants argue that sanctions should not be imposed for their failure to attend the November 6, 2018 settlement conference because the settlement conference was vacated by the court's order issued on November 5, 2018. (ECF No. 127.)

Third, Defendants argue that they did not lie to the court about West Valley Detention Center's video conferencing capabilities, and they have never lied to the court. Defense counsel declares that she was informed by staff at High Desert Detention Center, earlier in the year, that West Valley Detention Center had video conferencing capabilities but later learned that video conferencing was limited to an in-house circuit, and outside connections could not be facilitated. (Decl. of A. De La Torre-Fennell, ECF No. 130 at 5 ¶¶3, 6.)

Finally, Defendants argue that Plaintiff has no basis for his request for relief in the amount of $1,000.00 for his time and research in preparing for the settlement conference because Plaintiff is appearing in this case *pro se* and thus has not incurred attorney fees. Defendants also assert that Plaintiff provides no basis or authority in law for the court to refer defense counsel to the FBI for investigation.

**Discussion**

The court rejects Defendants' argument that Plaintiff's motion should be denied for his failure to comply with Rule 11. *Pro se* litigants are afforded some leniency to compensate for

their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This requirement of liberality applies to motions. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted). When a plaintiff proceeds *pro se* and technically violates a rule, the court should act with leniency toward the *pro se* litigant. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39–40 (9th Cir. 1966).

Nevertheless, the court finds that sanctions against Defendants for failure to attend the November 6, 2018, settlement conference are inappropriate because the settlement conference was vacated by the court and Defendants were not required to attend. On November 5, 2018, the court issued an order vacating the November 6, 2018, settlement conference due to the unavailability of a video conference at any of the San Bernardino County Jail facilities.[2] (ECF No. 127.) Thus Defendants were not required to attend the settlement conference on November 6, 2018. The court finds no "bad faith" conduct in litigation or "willful disobedience" of the court's September 14, 2018, order by Defendants. Therefore, Plaintiff's motion for sanctions based on Defendants' failure to attend the settlement conference shall be denied.

Plaintiff's request for personal compensation of $1,000.00 shall also denied. As correctly argued by Defendants, Plaintiff is not entitled to any compensation of attorney's fees as a *pro se* litigant for representing himself.[3]

---

[2] Plaintiff was detained at the West Valley Detention Center, 9500 N. Etiwanda Ave., Rancho Cucamonga, CA 91739, (ECF No. 124), in the custody of the San Bernardino County Sheriff.

[3] Plaintiff's contention that he is entitled to attorney's fees for preparing for a settlement conference or bringing a motion is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

With respect to Plaintiff's request for an FBI investigation, the court is not authorized to direct or conduct investigations on Plaintiff's behalf. "'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollum, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)). The *in forma pauperis* statute does not authorize the expenditure of public funds for the court to direct or conduct investigations. 28 U.S.C. § 1915. Accordingly, Plaintiff's motion for an investigation shall also be denied.

## IV.   EX PARTE COMMUNICATION

Plaintiff argues that the court engaged in inappropriate ex parte communication with defense counsel. In support of this argument, Plaintiff declares as follows:

> It appears that Judge Boone has engaged in ex parte communication with defense counsel De La Torre-Fennel, and Michelle Angus, supervising Deputy Attorney General. Judges are not allowed to engage in ex parte communication [with] Plaintiff or defense counsel in a criminal or civil case, and Plaintiff objects to said ex parte communication because they [defense counsel] lied to a federal judge about Plaintiff's transfer and/or ability to appear via video conference and the court did not allow Plaintiff to be heard prior to making its ruling on October 31, 2018. On October 31, 2018, the court had a telephone conversation with defense counsel Annakarina De La Torre-Fennel and Michelle Angus who indicated that they would inquire as to the availability of a video conference at the San Bernardino County Jail and advise the court whether it is feasible. The court further stated that depending on the information provided by defense counsel, the court will then determine whether to keep the settlement conference on calendar as scheduled, to continue the settlement conference, or to utilize some other alternative. This is not fair to Plaintiff, because the court should have had a telephone conference with all parties, not just with the defense team, who clearly misled the court and provided false statements, in violation of 18 U.S.C. §§ 371, 1001, 1503, and 1512. On October

| | |
|---|---|
| 1 | 31, 2018, the court ordered that on or before November 4, 2018, defense counsel |
| 2 | shall contact courtroom deputy Mamie Hernandez as to the availability of a |
| 3 | video conference or some other alternative for the settlement conference to |
| 4 | remain on November 6, 2018 at 10:30 a.m.  On November 2, 2018, the court had |
| 5 | been advised that no video conference is available at any of the San Bernardino |
| 6 | County Jail facilities and there are no other reasonable alternatives to |
| 7 | accommodate the settlement conference on November 6, 2018, [and] as [a] |
| 8 | result the court vacated [the settlement conference].  (ECF No. 127.) |

(Decl. of Plaintiff, ECF No. 129 at 5 ¶ 27 - 6 ¶ 33.)[4]

Canon 3A(4)(b) of the Code of Conduct for United States Judges addresses ex parte communications:

> (4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communication concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:
>
> (b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge

///

---

[4] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on the parties' pagination of their briefing materials.

7

reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

Code of Conduct for United States Judges, Canon 3A(4)(b).[5]

**Discussion**

As Canon 3A(4)(b) explains, an ex parte communication is permissible for administrative purposes that do not concern substantive matters, when the judge reasonably believes no party will gain a procedural, substantive, or tactical advantage. Such is the case here. The court's order issued on October 31, 2018, explains the circumstances of the communication:

> The Court was advised that due to Plaintiff's transfer he no longer has the ability to appear via video conference. Further, based on a review of Defendants' settlement statement, the Court could not determine whether a settlement conference via telephone would be beneficial given the circumstances. Therefore, on October 31, 2018, the Court had a telephone conversation with defense counsel Annakarina De La Torre-Fennel and Michelle Angus who indicated that they would inquire as to the availability of videoconference at the San Bernardino County Jail and advise the Court whether it is feasible. Depending on the information provided by defense counsel, the Court will then determine whether to keep the settlement conference on calendar as scheduled, to continue the settlement conference, or to utilize some other alternative. Accordingly, it is HEREBY ORDERED that on or before **November 4, 2018**, defense counsel shall contact Courtroom Deputy Mamie Hernandez as to the availability of videoconference or some other alternative for the settlement conference to remain on calendar for November 6, 2018, at 10:30 a.m. (emphasis in original).

///

---

[5] The Code of Conduct for United States Judges is available at http://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges (last visited December 21, 2018).

There is no evidence that the judge spoke to defense counsel for other than purely administrative purposes, or that there was any substantive discussion about the case at all. Under the facts presented, defense counsel spoke to the judge and was directed to inquire as to the availability of a video conference at the San Bernardino County Jail, and to contact the judge's courtroom deputy to report whether it was feasible for the settlement conference to go forward on November 6, 2018. On November 5, 2018, the court issued an order vacating the settlement conference, based on information provided by defense counsel:

> The Court has been advised that no video conference is available at any of the San Bernardino County jail facilities and there are no other reasonable alternatives to accommodate the settlement conference on November 6, 2018. Accordingly, it is HEREBY ORDERED that the settlement conference set for November 6, 2018, at 10:30 a.m. before the undersigned is VACATED. Defense counsel shall advise the Court if and when a settlement conference may be re-scheduled in this case.

(ECF No. 127.)

Based on the foregoing, the court concludes that the ex parte conversations between the court and defense counsel were not impermissible.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for imposition of sanctions, an FBI investigation, and compensation to Plaintiff, filed on November 20, 2018, is DENIED; and
2. Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 21, 2018**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE