UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00399-LJO-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 131.)**<br><br>**ORDER STAYING DEADLINES FOR DISCOVERY AND FOR FILING DISPOSITIVE MOTIONS**<br>**(ECF No. 128.)**<br><br>**<u>DEADLINES STAYED</u>:**<br><br>    <u>Discovery Deadline</u><br><br>    <u>Dispositive Motions Deadline</u><br><br>**ORDER REQUIRING PARTIES TO INFORM THE COURT OF STATUS OF THIS CASE, AS INSTRUCTED BY THIS ORDER** |

**I.    BACKGROUND**

Stewart Manago ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 24, 2016. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on April 18, 2016, against defendants J. Acevedo, D. Davey, A.

1

Maxfield, E. Razo, M.V. Sexton, A. Valdez, and J. Vanderpoel (collectively, "Defendants"), on Plaintiff's First Amendment retaliation claims. (ECF No. 13.)

On August 9, 2016, the court issued a discovery and scheduling Order establishing pretrial deadlines for the parties, including a deadline of January 6, 2017, for the parties to complete discovery, including the filing of motions to compel, and a deadline of March 7, 2017, for the filing of pretrial dispositive motions. (ECF No. 45.) On December 9, 2016, the court extended the discovery deadline to March 7, 2017, and the dispositive motions deadline to May 6, 2017. (ECF No. 70.) On May 22, 2017, the court extended the discovery deadline to July 7, 2017, and the dispositive motions deadline to September 8, 2017. (ECF No. 85.) On July 28, 2017, the court extended the discovery deadline to October 6, 2017, and the dispositive motions deadline to December 6, 2017. (ECF No. 89.)

On November 25, 2017, the court stayed all proceedings in this case pending resolution of the settlement conference scheduled for January 18, 2018. (ECF No. 98.) On December 12, 2017, the settlement conference was vacated, the stay was lifted, the discovery deadline was set for February 28, 2018, and the dispositive motions deadline was set for April 30, 2018. (ECF No. 102.) On February 16, 2018, the discovery deadline was extended to May 29, 2018, and the dispositive motions deadline was extended to July 29, 2018. (ECF No. 108.)

On April 23, 2018, the court deferred the scheduling of a new settlement conference until Plaintiff's pending criminal trial in San Bernardino County Superior Court was resolved. (ECF No. 115.) On May 1, 2018, the court stayed the deadlines for discovery and for the filing of dispositive motions pending resolution of a settlement conference to be scheduled. (ECF No. 118.) On September 14, 2018, the court scheduled a settlement conference to take place on November 6, 2018. (ECF No. 121.) On November 5, 2018, the settlement conference was vacated and a new discovery deadline was set for January 29, 2019, and the dispositive motions deadline was extended to March 29, 2019. (ECF No. 128.)

On December 13, 2018, Defendants filed a motion to modify the scheduling order to either extend or postpone the deadlines therein. (ECF No. 131.) Plaintiff has not filed an opposition and the time for filing an opposition has expired. L.R. 230(*l*).

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a ninety-day extension of the discovery deadline for Defendants only, and a ninety-day extension of the dispositive motions deadline. Alternatively, Defendants request a stay of the deadlines pending resolution of Plaintiff's criminal proceedings.

Defendants seek an extension of the discovery deadline to allow Plaintiff to provide his responses to Defendants' discovery requests, and to allow Defendants to review Plaintiff's responses; to prepare a further motion to compel, if necessary; and to prepare to take Plaintiff's deposition.[1] Without the benefit of Plaintiff's responses defense counsel cannot adequately evaluate Plaintiff's position, prepare for Plaintiff's deposition, or prepare a motion for summary judgment that could potentially dispose of the case in its entirety. (Decl. of De La Torre-Fennell, ¶¶ 11-12.) Defendants provide evidence that that they have been diligent in attending to the matters in this case, and they argue that they will be prejudiced if the deadlines are not modified because Defendants will not able to adequately prepare for and take Plaintiff's deposition, or otherwise defend their position in the amount of time remaining under the current Discovery and Scheduling Order. (Id., ¶¶ 3-12.).

///

---

[1] On March 29, 2018, the court granted Plaintiff a sixty-day extension of time in which to provide responses to Defendants' discovery requests. (ECF No. 11.) Defense counsel reports that Plaintiff has not provided any responses in compliance with the court's orders. (Decl. of A. De La Torre-Fennell ¶9.)

**Discussion**

The court record for this case reflects that Plaintiff's state court criminal matters have not been resolved, that Plaintiff is being held at a San Bernardino Jail facility without access to his legal paperwork, and it is unknown when these conditions will change. The court finds that Defendants have shown that even with the exercise of due diligence they cannot meet the deadlines established in the court's current scheduling order. Therefore, the court finds good cause to grant Defendants' motion to modify the scheduling order.

In light of the uncertainty about when Plaintiff's state court criminal matters shall be resolved, when Plaintiff shall be returned to CDCR custody, and when a settlement conference may be rescheduled in this case, the court finds good cause to stay all of the deadlines in the court's scheduling order until one or more of these conditions changes. As ordered on November 5, 2018, Defendants shall advise the court if and when a settlement conference may be re-scheduled in this case. (ECF No. 127 at 2.) Plaintiff shall be required to inform the court when his state criminal case has been resolved, and when he has been returned to CDCR custody.

### III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. The deadlines for discovery and the filing of dispositive motions in the court's scheduling order issued on November 6, 2018, are STAYED pending the resolution of Plaintiff's state criminal case matters, Plaintiff's return to CDCR custody, the scheduling of a settlement conference in this case, or any other reason the court finds good cause to lift the stay;

2. The parties are excused from serving discovery requests, providing responses to each other's discovery requests, or holding depositions until the stay is lifted;

3. Defendants shall advise the court if and when a settlement conference may be re-scheduled in this case;

4. Plaintiff shall inform the court in writing when his state criminal matters have been resolved, and when he has been returned to CDCR custody; and

5. All other provisions of the court's August 9, 2016, discovery and scheduling order remain the same.

IT IS SO ORDERED.

Dated: **January 25, 2019**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE